IN THE UNITED STATES DISCTRICT COURT

FOR THE DISTRICT OF ALASKA

JOHN WALSH,

    Petitioner,

vs.

SUPERINTENDENT STEVENSEN,

    Respondent.

Case No. 4:10-CV-00022-RRB-DMS

## AMENDED PETITION FOR WRIT OF HABEAS CORPUS
## ON BEHALF OF JOHN WALSH

Petitioner John Walsh is currently detained at the Fairbanks Correctional Center in Fairbanks, Alaska, serving a sentence of revoked time in Case No. 3FA-03-3446 CR. Petitioner has exhausted all of his State remedies in the underlying case in Court of Appeals Case No. A-9443 effective 30 days after the final decision date of January 30, 2008. Petitioner has also exhausted his State remedies in his Application for Post-Conviction Relief in 4FA-09-1148 CI, which was denied on December 2, 2009.

Petitioner was sentenced to serve a composite term of 4 years and 335 days, with as follows: Ct. I, Vehicle Theft in the First Degree, 5 years in jail with 2 years suspended; Ct. II, Driving Under the Influence, 1 year with 245 days suspended; Ct. III, Refusal to Submit to a Chemical Test, 1 year with 245 days suspended; Ct. IV, Leaving the Scene of an Accident, 90 days with 55 days suspended; Ct. V, Resisting Arrest, 1 year with 275 days suspended, Ct. VII, Driving with a Suspended License, 1 year with none suspended. Petitioner was further ordered to pay $5,000 in fines (two fines of $5,000 and $1,000 each to be concurrent to the other), $100 in costs/surcharges ($100, $75, $75, $50, $50, and $50 in surcharges each to be concurrent to the

**GAZEWOOD & WEINER, PC**

1008 16th Avenue
Suite 200
Fairbanks, Alaska 99701
Tel.: (907) 452-5196
Fax: (907) 456-7058
info@fairbankslaw.com

other), restitution in the amount of $5,508.42, and probation for 10 years. Petitioner is currently serving time based on a Petition to Revoke Probation.

Petitioner received ineffective assistance of counsel from his trial attorney and his appellate attorney. Petitioner was unable to challenge the ineffective assistance of his trial attorney as a result of the ineffective assistance of his appellate attorney. Petitioner was further unable to challenge the ineffective assistance of his appellate attorney in his second application for post-conviction relief due to the ineffective assistance of the attorney assigned in that case. As a result of the ineffective assistance of his trial attorney, Petitioner was unable to present exonerating evidence at his trial. Petitioner contests the finding of guilt in the case underlying this petition and requests this Court vacate the Alaska Superior Court's finding of guilt in Case No. 4FA-03-3446 CR and order he be released from any obligation to serve any part of his unconstitutional sentence.

## JURISDICTION

1. Petitioner invokes this Court's jurisdiction under 28 U.S.C. § 2254. This action arises under the Constitution, laws and treaties of the United States, including Articles I, II, III, and VI of the Constitution, and the Fourth, Fifth and Sixth Amendments thereto. Petitioner previously filed on his own behalf in a petition dated August 3, 2010, and therefore has granted his authorization.

2. This Court has personal jurisdiction over the parties. Respondent is located within this District and thus has substantial contacts therewith.

## VENUE

3. Venue is proper in this Court under 28 U.S.C. § 1391(b), (e) since a substantial part of the events, acts, and omissions giving rise to the claim occurred in this District.

**GAZEWOOD & WEINER, PC**

1008 16th Avenue
Suite 200
Fairbanks, Alaska 99701
Tel.: (907) 452-5196
Fax: (907) 456-7058
info@fairbankslaw.com

## PARTIES

4. Petitioner is a United States citizen, resident of the State of Alaska, who is currently being held in Respondent's unlawful custody.

5. Respondent is the correctional superintendent for the Fairbanks Correctional Center where Petitioner is currently incarcerated.

## PETITION

6. There is no basis for Petitioner's detention. At no time did Petitioner engage in any criminal conduct upon which convictions for Vehicle Theft, DUI, Refusal, Leaving the Scene of an Accident, Resisting Arrest, or Driving with a Suspended License could be based. Nor did he attempt any such conduct. Accordingly, Petitioner brings this action seeking a writ of habeas corpus to secure his release from Fairbanks Correctional Center.

7. Petitioner was not given the opportunity to speak to a lawyer when he was arrested, contrary to assertions by the police.

8. Petitioner received ineffective assistance of counsel from his trial attorney. Such ineffective assistance includes failure to file motions and request an evidentiary hearing, failure to effectively consult or communicate with Petitioner, refusal to investigate additional evidence or witnesses which would have exonerated petitioner at trial, failure to investigate inconsistent statements and perjury by witnesses, and failure to ask for a new trial.

9. Petitioner attempted to obtain new counsel both prior to and during trial, but the trial judge wrongfully denied his requests.

10. Petitioner's trial attorney stated in his opening statement at trial that petitioner had shoplifted items from a store. Trial counsel did not discuss this decision with

GAZEWOOD &
WEINER, PC

1008 16th Avenue
Suite 200
Fairbanks, Alaska 99701
Tel.: (907) 452-5196
Fax: (907) 456-7058
info@fairbankslaw.com

Petitioner prior to trial, and Petitioner did not commit such a crime. This admission likely prejudiced the jury against Petitioner.

11. As a result of the trial attorney's incompetence, Petitioner was unable to present exonerating evidence at his trial. Such exonerating evidence included testimony and statements from witnesses, the fact that two witnesses at trial identified Petitioner based on single photo identification, video and audio recordings, and the clothes Petitioner was wearing on the day he was arrested.

12. Petitioner was not provided discovery of exonerating video and audio tapes until eighteen months after trial. Audio evidence and affidavits from witnesses show that witnesses did not see him exit the stolen vehicle as they later testified.

13. Petitioner received ineffective assistance of counsel from his appellate attorney. Such ineffective assistance includes failure to address trial attorney's incompetence, failure to communicate and consult with Petitioner, concession to aggravators, and failure to investigate exonerating evidence.

14. Petitioner received ineffective assistance of counsel from the attorney assigned to his second application for post-conviction relief. The Public Defender Agency was appointed to represent him, and moved to withdraw from the case due to a conflict of interest. The court approved their withdrawal. The Public Defender Agency never contacted Petitioner about his case or their withdrawal. As a result, the application for post-conviction relief was dismissed without affording Petitioner the opportunity to obtain conflict counsel.

15. Petitioner's sentence is excessive and was issued in retaliation for not accepting a plea deal.

**GAZEWOOD & WEINER, PC**

1008 16th Avenue
Suite 200
Fairbanks, Alaska 99701
Tel.: (907) 452-5196
Fax: (907) 456-7058
info@fairbankslaw.com

16. Respondent's unlawful detention of Petitioner is violative of the United States Constitution and Petitioner should be released.

WHEREFORE, Petitioner requests this Court vacate his sentence by the Alaska Superior Court in Case No. 4FA-03-3446 CR as contrary to the law in light of Petitioner's innocence to the charges or, alternatively, as violative of his rights and liberties guaranteed by the United States Constitution.

Dated: April 15, 2011.

GAZEWOOD & WEINER, PC
Attorney for Defendant

By: /s/ Jason A. Gazewood
Jason A. Gazewood
ABA No. 0211060

---

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was provided via ☐ ECF ☐ courier ☐ hand-delivery to the following:

William F. Dewey
Joseph W. Bottini
Kelley A. Cavanaugh

Dated: 04/15/11    By: /s/ Morgan C. Phillips
Morgan C. Phillips

GAZEWOOD &
WEINER, PC

1008 16th Avenue
Suite 200
Fairbanks, Alaska 99701
Tel.: (907) 452-5196
Fax: (907) 456-7058
info@fairbankslaw.com