Douglas Kossler
Assistant Attorney General
Office of Special Prosecutions
and Appeals
310 K Street, Suite 308
Anchorage, Alaska 99501
Telephone: (907) 269-6250
Facsimile: (907) 269-6270
Email: Douglas.Kossler@alaska.gov

Attorney for Respondent

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | |
|---|---|
| JOHN WALSH, ) | |
| ) | |
| Petitioner, ) | Case No. 4:10-cv-00022-RRB-SAO |
| ) | |
| vs. ) | RESPONDENT'S OPPOSITION TO |
| ) | PETITIONER'S "MOTION TO |
| SUPERTINDENT STEVENSEN, ) | ALLOW EXCEPTION TO STATUTE |
| ) | OF LIMITATIONS" |
| Respondent. ) | |
| ) | |

Walsh does not dispute that his habeas application was filed 126 days after the applicable statute of limitations in 28 U.S.C. § 2244(d)(1). [Docket No. 45 at 1 n.1] But he asserts that despite his untimely application, he is entitled to have the claims in that application considered by this Court because of his purported actual innocence. [Docket No. 47] *See also Schlup v. Delo*, 513 U.S. 298, 315-16, 115 S.Ct. 851, 861-62 (1995) (explaining the "gateway" innocence claim, which is referred to as a gateway claim because it is the

gateway through which a petitioner must first pass in order to have otherwise barred constitutional claims considered).

Walsh correctly identifies the Ninth Circuit Court of Appeals as holding that an actual-innocence claim may be applied to excuse a petitioner's noncompliance with the statute of limitations. [Docket No. 47 at 2 (citing *Lee v. Lampert*, 653 P.3d 929 (9th Cir. 2011))] But the fact that such a claim can apply does not mean that it applies in Walsh's case. For the reasons explained below, Walsh has utterly failed to make the showing necessary to merit an evidentiary hearing on this matter. *See Sibley v. Culliver*, 377 F.3d 1196, 1206-07 (11th Cir. 2004) (explaining that the defendant must make a threshold showing of actual innocence *before* he is entitled to a hearing to develop the evidence to support his gateway claim).

Walsh's claim to the actual-innocence exception has two components. He first relies on the broad description in his amended habeas application of purported "exonerating" evidence which he claims he was not able to present at trial due to his trial attorney's incompetence. [Docket No. 47 at 2] This evidence is described as "testimony and statements from witnesses, the fact that two witnesses at trial identified Petitioner based on a single photo identification, video and audio recordings, and the clothes petitioner was wearing on the day he was arrested." [Docket No. 47 at 2]

The generalities contained in the above description – unspecified "testimony and statements" and unspecified "video and audio recordings"— provide nothing for this court to assess (or the Respondent to respond to) in evaluating Walsh's actual-innocence claim. The need for specificity is particularly important, as the ultimate determination the Court is required to make in evaluating an actual-innocence claim is one that looks at the evidence in its entirety – that is, the evidence that was introduced at trial plus the claimed new or claimed wrongly excluded evidence. *See Schlup*, 513 U.S. at 328. Walsh's generalities do not allow this evaluation. Further, his statements in the above description that "two witnesses at trial identified Petitioner based on a single photo identification" and "the clothes Petititoner was wearing" seem to be nothing more than historical recitations about his his case, but again without specificity as to the witnesses or the clothes.

The second component of Walsh's claim to an actual-innocence exception is the following paragraph in his motion:

> If given the opportunity, Mr. Walsh would show that he is factually innocent of the charge for which he was convicted. His ex-girlfriend (now deceased) would have testified that she dropped him off at Fred Meyer at the time of the alleged incident at his request, and that he never drove any van from Home Depot at the time of the incident. He would present the clothes he was wearing (now thrown away) which were different than the clothes the witnesses allege the driver of the Home Depot van was wearing. He would show that while a key witness identified someone wearing a "Lake Tajoe" hat

as the driver, Mr. Walsh was not wearing such a hat when he was arrested.

[Docket No. 47 at 2]

Three immediate observations are in order.

First, the above excerpted paragraph involves the same conclusory general descriptions as Walsh's previous description of purported exonerating evidence. For instance, it describes a "key witness" without specifying the witness's name. It describes Walsh's now-discarded clothes as being "different" without identifying in what fashion they were different. It describes the purported testimony of his now-deceased girlfriend without explaining how that would counter the entirety of the testimony from multiple witnesses at Walsh's trial. *See* Attachment A (the transcript of Walsh's trial); Attachment B ("Statement of the Case" from the state's appellee's brief filed in Walsh's direct appeal).

Second, the above excerpted paragraph is not supported by an affidavit of Walsh or any other person. Rather, it is his current attorney's description of what he anticipates would be forthcoming. The basis for the attorney's belief in this regard is not included.

Third, the above excerpted paragraph is conditional: "*If given the opportunity,* Mr. Walsh would show . . . ." [Docket No. 47 at 2 (emphasis supplied)]

Thus, Walsh has presented this Court with a general unsubstantiated *allegation* of innocence, apparently in the belief that this will suffice for the application of the actual-innocence exception or for him to get an evidentiary hearing on the matter. Walsh is mistaken. *Weeks v. Bowersox*, 119 F.3d 1342 (8th Cir. 1997), illustrates why.

Weeks argued that allegations of evidence rather than actual evidence were alone sufficient for application of the actual-innocence exception. On three bases, the court rejected Weeks' argument. First, the argument was contrary to the express language of *Schlup v. Delo*, in which the Supreme Court first recognized the gateway innocence claim and explained that "such a claim requires the petitioner to support his allegations with *new reliable evidence . . . that was not presented at trial.*" 119 F.3d at 1353 (quoting the emphasized portion of the above quotation from *Schlup*, 513 U.S. at 324, 115 S.Ct. at 865). Second, accepting that allegations alone were sufficient would make a "mockery" of the entire rationale for a limited actual-innocence exception:

> Allowing a creative prisoner to overcome his state procedural default with well drafted allegations of innocence would make a mockery of the Supreme Court's concern for finality, comity, and judicial economy that underlies the limited scope of the actual innocence exception.

119 F.3d at 1352. And third, if an allegation or protestation of innocence were sufficient, then the gateway would likely be forever open to habeas petitioners'

Walsh v. Stevensen  Page 5
4:10-cv-00022

claims. *Id.* at 1353. The court was unwilling to endorse such an expansion of the actual-innocence exception.

The *Weeks* court then addressed Weeks' argument that his allegations entitled him an evidentiary hearing to make the showing for the evidentiary hearing contemplated by *Schlup* (what the court characterized as a "prehearing hearing"). 119 F.3d at 1353. The court first explained that it could find no statutory or judicial authority for the proposed prehearing hearing, and was declining to create such an entitlement out of thin air. *Id.* The court then discussed its prior cases supporting that no such entitlement should otherwise be created. Among those cases was *Bannister v. Delo*, 100 F.3d 610 (8th Cir. 1996). *Bannister* had denied a similar prehearing hearing on the basis of an earlier case; in that earlier case, the *Bannister* court explained:

> [I]n essence, petitioner was asking us to excuse his evidentiary default as to his claim of actual innocence, in order that he may develop sufficient evidence of his actual innocence, [and] we found this circular argument without merit.

*Bannister*, 100 F.3d at 617 (describing *Battle v. Delo*, 64 F.3d 347, 353 (8th Cir. 1995)), *quoted in Weeks*, 119 F.3d at 1353.

Walsh is making what appears to the same circular argument – providing no affidavit, let alone other evidence, in support of his actual-innocence claim, and then asking for a hearing to excuse his evidentiary default

as to his claim. This Court should not condone what Walsh is asking.

Other reasons are present, moreover, for why Walsh's motion is insufficient. First, the broad general description Walsh has included suggests that all of what he is basing his motion on was available to him at trial. This is important because it suggests a lack of diligence on Walsh's part that could be fatal to his claim. *See Whitley v. Senkowski*, 567 F. Supp.2d 490, 496 (S.D.N.Y. 2008) (citing cases). The timing of affidavits (of which there are none here) is in fact allowed to be considered by a court in assessing their reliability and whether the actual-innocence exception applies. *See Schlup*, 513 U.S. at 332, 115 S.Ct. at 869. Second, the standard that applies for an actual-innocence exception is very demanding: the petitioner must show it is "more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Id.* at 527, 115 S.Ct. at 867. Broad allegations about what appear to be isolated pieces of evidence simply do not meet this standard.

Walsh's motion to allow an exception to the statute of limitations should be denied.

DATED February 24, 2012, at Anchorage, Alaska.

          MICHAEL C. GERAGHTY
          ATTORNEY GENERAL

          s/ Douglas H. Kossler
            Assistant Attorney General
            State of Alaska, Dept. of Law

Walsh v. Stevensen           Page 7
4:10-cv-00022
Case 4:10-cv-00022-RRB   Document 60   Filed 02/24/12   Page 7 of 8

Office of Special Prosecutions
   and Appeals
310 K St., Suite 308
Anchorage, Alaska 99501
Telephone: (907) 269-6250
Facsimile: (907) 269-6270
e-mail: douglas.kossler@alaska.gov
Alaska Bar. No. 9506030

**Certificate of Service**

I certify that on February 24, 2012, a copy of the foregoing **Respondent's Opposition to Petitioner's "Motion to Allow Exception to Statute of Limitations"** was served electronically on Jason Gazewood.

**s/ Douglas H. Kossler**

Walsh v. Stevensen     Page 8
4:10-cv-00022
Case 4:10-cv-00022-RRB   Document 60   Filed 02/24/12   Page 8 of 8