Douglas Kossler
Assistant Attorney General
Office of Special Prosecutions
and Appeals
310 K Street, Suite 308
Anchorage, Alaska 99501
Telephone: (907) 269-6250
Facsimile: (907) 269-6270
Email: Douglas.Kossler@alaska.gov

Attorney for Respondent

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | |
|---|---|
| JOHN WALSH, ) | |
| ) | |
| Petitioner, ) | Case No. 4:10-cv-00022-RRB-SAO |
| ) | |
| vs. ) | RESPONDENT'S OPPOSITION TO |
| ) | PETITIONER'S "MOTION FOR |
| SUPERTINDENT STEVENSEN, ) | STAY OF STATE COURT |
| ) | PROCEEDINGS" |
| Respondent. ) | |
| ) | |

Walsh, as this Court is aware, has filed an amended application for federal habeas relief attacking his convictions in state court case number 4FA-04-3446 Cr. [Docket No. 20] Walsh now asks that "all proceedings" in that state court case be stayed pending this federal habeas action. [Docket No. 61] He further asserts that once his state court case is stayed, he should be released from custody. [*Id.*]

A federal court has the authority under 28 U.S.C. § 2251 to order

Walsh v. Stevensen                                                           Page 1
4:10-cv-00022
Case 4:10-cv-00022-RRB    Document 63    Filed 03/01/12    Page 1 of 3

that state proceedings be stayed pending the outcome of a federal habeas action. But Walsh has provided no authority for the proposition that this Court can stay a defendant's criminal case simply because the defendant has filed with this Court a federal habeas application attacking the criminal convictions arising from that case. In fact, the circumstances under which a federal court can enjoin a state proceeding are rare and extremely narrow. *See Younger v. Harris*, 401 U.S. 37, 45, 91 S.Ct. 746, 751 (1971) ("This brief discussion should be enough to suggest some of the reasons why it has been perfectly natural for our cases to repeat time and time again that the normal thing to do when federal courts are asked to enjoin pending proceedings in state courts is not to issue such injunctions."). *See also Sparks v. Garrison*, 446 F.Supp. 649, 651 n.1 (M.D. N.C. 1978) (concluding that the decision whether to stay a criminal case under 28 U.S.C. § 2251 is governed by the same standards that apply in deciding whether to enjoin the state criminal case). Walsh's filing of a federal habeas application does not provide occasion for this Court to exercise the extraordinary power of staying or enjoining the state case.

To the extent that Walsh is seeking bail release pending this federal habeas proceeding, bail is "reserved for extraordinary cases involving special circumstances or a high probability of success." *Land v. Deeds*, 878

F.2d 318, 319 (9th Cir. 1989) (*per curiam*). Walsh's apparent reason that he believes he is entitled to release – that he has filed a federal habeas action – does not make his case an extraordinary case, nor has he demonstrated a high probability of success on his federal habeas action.

Walsh's motion for a stay should be denied.

DATED March 1, 2012, at Anchorage, Alaska.

    MICHAEL C. GERAGHTY
    ATTORNEY GENERAL

    s/ Douglas H. Kossler
        Assistant Attorney General
        State of Alaska, Dept. of Law
        Office of Special Prosecutions
           and Appeals
        310 K St., Suite 308
        Anchorage, Alaska 99501
        Telephone: (907) 269-6250
        Facsimile: (907) 269-6270
        e-mail: douglas.kossler@alaska.gov
        Alaska Bar. No. 9506030

**Certificate of Service**

I certify that on March 1, 2012, a copy of the foregoing **Respondent's Opposition to Petitioner's "Motion for Stay of State Court Proceedings"** was served electronically on Jason Gazewood.

**s/ Douglas H. Kossler**

Walsh v. Stevensen           Page 3
4:10-cv-00022
Case 4:10-cv-00022-RRB   Document 63   Filed 03/01/12   Page 3 of 3